Todd J. Krakower (TK-4568)
**GLASS KRAKOWER LLP**
20 Broadway, Suite 1
Valhalla, New York 10595
(914) 831-1386
845-510-2219 (fax)



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 18 2010

BROOKLYN OFFICE

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------x
**BEVERLY OROZCO-SIMMONS,**

                    **Plaintiff,**

           -against-

**ODYSSEY FUNDING, LLC; ABRAHAM**
**KAHAN; and CHAVI KAHAN,**

                **Defendants.**
-----------------------------------------------------x

TOWNES, J

GOLD, M.J.

**COMPLAINT**

**Index No.:**

**DEMAND FOR JURY TRIAL**

     1.    Plaintiff BEVERLY OROZCO-SIMMONS, by her attorneys GLASS

KRAKOWER LLP, as and for her complaint against Defendants ODYSSEY FUNDING,

LLC; ABRAHAM KAHAN; and CHAVI KAHAN, respectfully alleges as follows:

alleges as follows:

### JURISDICTION AND VENUE

     2.    This Court has original federal question jurisdiction under 28 U.S.C.

§ 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§

201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state

law claims, as they are so related in this action within such original jurisdiction that they

form part of the same case or controversy under Article III of the United States

Constitution.

3.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**Defendants**

4.      All Defendants are hereinafter collectively referred to as "Defendants."

5.      Defendant Odyssey Funding, LLC ("Odyssey Funding") is a New York Corporation authorized to business in the State of New York.

6.      Upon information and belief, at times relevant to the allegations herein, Defendant Odyssey Funding was and is engaged in business in the State of New York as a mortgage banker and/or mortgage broker.

7.      Defendant Odyssey Funding has a principal place of business at 1206 Avenue J, Brooklyn, New York 11206.

8.      Defendants Abraham Kahan and Chavi Kahan are the Owners and Chief Executive Officers of the Corporate Defendant, Odyssey Funding, and exercise sufficient control of its day to day operations to be considered Plaintiffs' employers under the Fair Labor Standards Act and New York state law. Additionally, upon information and belief, Defendants Abraham Kahan and Chavi Kahan are liable for the wages of Plaintiff and those similarly situated under New York Business Corporation Law § 630.

**Plaintiff**

9.      Plaintiff Beverly Orozco-Simmons is a resident of the State of New York, County of Nassau, Town of Hempstead.

2

10.     Plaintiff Beverly Orozco-Simmons was employed by Defendants as an underwriter at Defendants' office at 1206 Avenue J, Brooklyn, New York 11206 within the last three years.

## FACTS

**Labor Law Violations**

11.     Defendants committed the following alleged acts against Plaintiff knowingly, intentionally and willfully.

12.     Defendants hired Plaintiff through the Winston Staffing employment staffing agency on or about December 4, 2009.  Plaintiff's job title was underwriter.

13.     Defendants were aware when they hired Plaintiff that Plaintiff had not been recently underwriting for a mortgage banker.

14.     Plaintiff regularly worked more than forty (40) per week and routinely worked between forty-five (45) and fifty (50) hours per week.

15.     Defendants refused to pay Plaintiff wages, as required by federal and state labor laws, for the hours she worked in excess of forty (40) hours per week.

16.     Defendants knew that nonpayment of overtime would economically injure Plaintiff and violate federal and state laws.

17.     Plaintiff was not compensated for all hours worked, including overtime.

**Retaliation in Violation of Labor Laws**

18.     Plaintiff complained both orally and in writing to Defendants Abraham Kahan and Chavi Kahan about Defendants' wage and hour violations.

19.     On or about February 20, 2010, Plaintiff filed a complaint regarding wage and hour violations with the New York State Department of Labor.

3

10.     Plaintiff Beverly Orozco-Simmons was employed by Defendants as an underwriter at Defendants' office at 1206 Avenue J, Brooklyn, New York 11206 within the last three years.

## FACTS

**Labor Law Violations**

11.     Defendants committed the following alleged acts against Plaintiff knowingly, intentionally and willfully.

12.     Defendants hired Plaintiff through the Winston Staffing employment staffing agency on or about December 4, 2009.  Plaintiff's job title was underwriter.

13.     Defendants were aware when they hired Plaintiff that Plaintiff had not been recently underwriting for a mortgage banker.

14.     Plaintiff regularly worked more than forty (40) per week and routinely worked between forty-five (45) and fifty (50) hours per week.

15.     Defendants refused to pay Plaintiff wages, as required by federal and state labor laws, for the hours she worked in excess of forty (40) hours per week.

16.     Defendants knew that nonpayment of overtime would economically injure Plaintiff and violate federal and state laws.

17.     Plaintiff was not compensated for all hours worked, including overtime.

**Retaliation in Violation of Labor Laws**

18.     Plaintiff complained both orally and in writing to Defendants Abraham Kahan and Chavi Kahan about Defendants' wage and hour violations.

19.     On or about February 20, 2010, Plaintiff filed a complaint regarding wage and hour violations with the New York State Department of Labor.

3

20.      Immediately after Plaintiff complained about wage and hour violations, Defendants Abraham Kahan and Chavi Kahan subjected Plaintiff to an adverse employment action by demoting her to the position of processor.

21.      Defendants demoted Plaintiff as a reprisal for Plaintiff having engaged in the protected activity of complaining about Defendants' wage and hour violations.

22.      When Plaintiff asked Defendants Abraham Kahan and Chavi Kahan about their decision to demote her, they became enraged.  Defendants' response to Plaintiff was so violent and heated that Plaintiff feared for her personal safety and ultimately called the police.

**Discrimination against Plaintiff on the Basis of Race, Religion, and National Origin**

23.      Plaintiff, who is Catholic and Hispanic, was required to work longer hours than non-Catholic, non-Hispanic employees and was required to do so without any additional compensation for overtime.  Plaintiff was, for instance, required to work on Friday evenings, on Jewish Holidays, and at other times other employees had off without compensation for overtime.

24.      Plaintiff was also required to work on Sundays without any additional compensation for overtime.

25.      In requiring Plaintiff to work longer hours and to work on Sundays, Defendants were motivated by discriminatory animus directed toward Plaintiff's faith. This discriminatory animus was, for instance, evidenced on April 2, 2010 when Defendant Chavi Kahan sent Plaintiff an e-mail sarcastically thanking Plaintiff for coming into work on "her Good Friday."  Later that same day, while mimicking a child's

voice, Defendant Chavi Kahan exclaimed to Plaintiff "Oh yeah and you can't stay past 3 o'clock because it's Good Friday!"

**Further Retaliation**

26.     On April 2, 2010, Plaintiff complained to Defendants Abraham Kahan and Chavi Kahan that she was being discriminated against on the basis of her race and her national origin.

27.     Defendant Chavi Kahan immediately responded to Plaintiff's complaint by sending her an e-mail on April 2, 2010 advising her not to return to work at Odyssey Funding until April 7, 2001.  That e-mail further stated that plaintiff would return to work in the processing position to which she had been demoted.

28.     Later on April 2, 2010 Defendant Abraham Kahan became enraged when Plaintiff asked him for clarification and informed Plaintiff that he regarded her as having resigned.

29.     Plaintiff made it clear that she did not resign by stating this verbally and by sending e-mail messages clarifying and reiterating the fact that she did not resign.

30.     For several days after April 2, 2010 Plaintiff sent Defendants e-mail messages informing them that Plaintiff was ready, willing, and able to return to work at Odyssey Funding.  Plaintiff further informed Defendants that if she did not hear back from Defendants that Plaintiff would assume Defendants had terminated her.

31.     Defendants failed to respond to any of the e-mails Plaintiff sent to them in the several days following April 2, 2010.

32.     Plaintiff applied for unemployment insurance benefits on or about April 5, 2010.

5

33.     Plaintiff was subsequently informed that her claim for unemployment insurance benefits was challenged by Defendants who falsely claimed that Plaintiff was ineligible for those benefits because Plaintiff had engaged in misconduct. Notably, Defendants did not represent to the New York Department of Labor that Plaintiff had resigned.

34.     On or about April 22, 2010 counsel for Defendants responded to a letter from Plaintiff confirming that if Plaintiff would accept a demotion, Plaintiff could return to work.

35.     On April 23, 2010 Defendants stated that Plaintiff had not been terminated and that she could return to work. Additionally, Defendants confirmed her salary and hours.

36.     On the eve of Plaintiff's return to work, Defendants demanded that Plaintiff sign a release and waive any and all legal claims as a precondition for returning to work.

37.     Plaintiff declined to give up her legal right to pursue her lawful claims against Defendants.

38.     Plaintiff subsequently appeared at Defendants' offices to resume work on April 23, 2010. Defendants, however, refused to allow Plaintiff to resume work unless she signed the proposed waiver and release. When Plaintiff declined to sign the waiver and release, defendants sent her home, thus terminating her for a second time.

39.     Upon information and belief, Defendants induced one or more of Plaintiff's former coworkers to sign affidavits attesting to the absence of discrimination

in Defendants' workplace by threatening to withhold pay from employees who refused to sign.

### FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 207, 216)

40.     Plaintiff realleges and incorporates by reference all previous paragraphs.

41.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

42.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff has been and is entitled to overtime.

43.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

44.     Plaintiff seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (Violations of New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*)

45.     Plaintiff realleges and incorporates by reference all previous paragraphs.

7

46.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

47.     Throughout the relevant time period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

48.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
### (Retaliation under New York Labor Law § 215(1))

49.     Plaintiff realleges and incorporates by reference all previous paragraphs.

50.     At various times during her employment with Defendants, Plaintiff raised complaints concerning her failure to be properly compensated, including issues Defendants' failure concerning overtime wages.

51.     Whenever Plaintiff raised complaints about lack of compensation or failure to receive overtime wages, Defendants responded by immediately verbally berating her, sending her harassing e-mails, and by subjecting her to an ongoing campaign of demeaning and harassing behavior. In retaliation for her complaints, Defendants also subjected Plaintiff to other adverse employment actions including, but not limited to, demoting her and subjecting her to disparate terms and conditions of employment.

8

52. Defendants ultimately responded to Plaintiff's complaints by dismissing her.

53. Defendants verbal abuse, harassment, dismissal of Plaintiff, and other retaliatory acts following her complaints for violations of New York State Labor Law are in direct violation of Plaintiff's rights under New York Labor Law § 215(1).

54. Plaintiff engaged in the protected activity of complaining to her employer regarding issues of overtime and other owed compensation. A causal link exists between the protected activity and adverse employment action as Defendants knew of Plaintiff's activities and complaints, and Defendants' retaliatory acts were a direct result of such complaints.

55. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable injuries and damages.

56. Plaintiff seeks relief as provided by New York Labor Law § 215(2), including, without limitation backpay for lost wages, commissions, or diminishment, loss of other benefits, and any and all such legal or equitable relief as may be appropriate to effectuate for purposes of New York Labor Law § 215(2), including but not limited to compensatory damages for mental anguish and emotional distress and other injuries incurred as a result of the retaliation.

57. As Defendants' retaliatory actions, including but not limited to the dismissal of Plaintiff, were willful, malicious, and/or with conscious disregard of plaintiff's statutorily protected rights, Plaintiff is entitled to an award of punitive damages.

9

58.     Plaintiff also request damages for such additional relief as justice may require, together with costs, attorney fees, pre-judgment interest, post-judgment interest, and other appropriate relief as the Court may grant in this action.

### FOURTH CLAIM FOR RELIEF
### (Discrimination in Violation of
### New York State Human Rights Law, Executive Law § 296 *et seq*.)

59.     Plaintiff realleges and incorporates by reference all previous paragraphs.

60.     Defendants engaged in a discriminatory practice in terms, conditions, and privileges of employment because of the religion, race, and national origin of Plaintiff.

61.     At all times relevant to this Complaint, Plaintiff was denied opportunities afforded other similarly situated Odyssey Funding employees based on her religion, race, and national origin.

62.     Defendants discriminated against Plaintiff because of her religion, race, and national origin by demoting Plaintiff, assigning Plaintiff work in a punitive fashion, refusing to accord Plaintiff opportunities enjoyed by other employees, withholding benefits Plaintiff was entitled to under law, by harassing Plaintiff, subjecting Plaintiff to disciplinary measures, and by discharging Plaintiff from her employment.

63.     Plaintiff was subjected to harassment was based on her religion, race, and national origin.

64.     As set forth above, the aforementioned actions of Defendants constituted a continuing and ongoing pattern and practice of discrimination and harassment.

65.     Defendants engaged in unlawful discriminatory practices as that term is defined by the New York State Human Rights Law, Executive Law § 296, *et seq.* ("NYSHRL").

66.     Defendants created an abusive and hostile work environment in which Plaintiff was discriminated against based on her religion, race, and national origin.

67.     The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create a discriminatorily abusive working environment.

68.     These acts violate NYSHRL and are illegal.

69.     In taking the above described discriminatory actions, the Defendants acted with malice and reckless indifference to Plaintiff's rights pursuant to NYSHRL giving rise to punitive damages.

70.     As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental anguish and suffering, and damage to her professional reputation.

### FIFTH CLAIM FOR RELIEF
### (Retaliation under NYSHRL § 215(e))

71.     Plaintiff realleges and incorporates by reference all previous paragraphs.

72.     At various times during her employment with Defendants, Plaintiff raised complaints Defendants' discrimination against her on the basis of her religion, race, and national origin.

73.     Whenever Plaintiff raised complaints about discrimination, Defendants responded by immediately verbally berating her, sending her harassing e-mails, and by subjecting her to an ongoing campaign of demeaning and harassing behavior.   In retaliation for her complaints, Defendants also subjected Plaintiff to other adverse

11

employment actions including, but not limited to, demoting her and subjecting her to disparate terms and conditions of employment.

74.     Defendants ultimately responded to Plaintiff's complaints by dismissing her.

75.     Defendants verbal abuse, harassment, dismissal of Plaintiff, and other retaliatory acts following her complaints for violations of NYSHRL are in direct violation of Plaintiff's rights under NYSHRL § 296(e).

76.     Plaintiff engaged in the protected activity of complaining to her employer regarding issues of unlawful discrimination.  A causal link exists between the protected activity and adverse employment action as Defendants knew of Plaintiff's activities and complaints, and Defendants' retaliatory acts were a direct result of such complaints.

77.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable injuries and damages.

78.     Plaintiff seeks relief as provided by NYSHRL § 296(e), including, without limitation backpay for lost wages, commissions, or diminishment, loss of other benefits, and any and all such legal or equitable relief as may be appropriate to effectuate for purposes of NYSHRL § 296(e), including but not limited to compensatory damages for mental anguish and emotional distress and other injuries incurred as a result of the retaliation.

79.     As Defendants' retaliatory actions, including but not limited to the dismissal of Plaintiff, were willful, malicious, and/or with conscious disregard of plaintiff's statutorily protected rights, Plaintiff is entitled to an award of punitive damages.

80.     As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental anguish and suffering, and damage to her professional reputation.

### SIXTH CLAIM FOR RELIEF
### (Discrimination in Violation of
### New York City Human Rights Law, Administrative Code § 8-101 *et seq.*)

81.     Plaintiff realleges and incorporates by reference all previous paragraphs.

82.     Defendants engaged in a discriminatory practice in terms, conditions, and privileges of employment because of the religion, race, and national origin of Plaintiff.

83.     At all times relevant to this Complaint, Plaintiff was denied opportunities afforded other similarly situated Odyssey Funding employees based on her religion, race, and national origin.

84.     Defendants discriminated against Plaintiff because of her religion, race, and national origin by demoting Plaintiff, assigning Plaintiff work in a punitive fashion, refusing to accord Plaintiff opportunities enjoyed by other employees, withholding benefits Plaintiff was entitled to under law, by harassing Plaintiff, subjecting Plaintiff to disciplinary measures, and by discharging Plaintiff from her employment.

85.     Plaintiff was subjected to harassment was based on her religion, race, and national origin.

86.     As set forth above, the aforementioned actions of Defendants constituted a continuing and ongoing pattern and practice of discrimination and harassment.

87.     Defendants engaged in unlawful discriminatory practices as that term is defined by the New York City Human Rights Law, Administrative Code § 8-104.

88.     Defendants created an abusive and hostile work environment in which Plaintiff was discriminated against based on her religion, race, and national origin.

89.     The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create a discriminatorily abusive working environment.

90.     These acts violate New York City Human Rights Law, Administrative Code § 8-107 *et seq*. ("NYCHRL") and are illegal.

91.     In taking the above described discriminatory actions, the Defendants acted with malice and reckless indifference to Plaintiff's rights pursuant to NYCHRL giving rise to punitive damages.

92.     As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental anguish and suffering, and damage to her professional reputation.

### SEVENTH CLAIM FOR RELIEF
**(Retaliation under NYCHRL § 8-107(7))**

93.     Plaintiff realleges and incorporates by reference all previous paragraphs.

94.     At various times during her employment with Defendants, Plaintiff raised complaints Defendants' discrimination against her on the basis of her religion, race, and national origin.

95.     Whenever Plaintiff raised complaints about discrimination, Defendants responded by immediately verbally berating her, sending her harassing e-mails, and by subjecting her to an ongoing campaign of demeaning and harassing behavior.     In

14

retaliation for her complaints, Defendants also subjected Plaintiff to other adverse employment actions including, but not limited to, demoting her and subjecting her to disparate terms and conditions of employment.

96.     Defendants ultimately responded to Plaintiff's complaints by dismissing her.

97.     Defendants verbal abuse, harassment, dismissal of Plaintiff, and other retaliatory acts following her complaints for violations of NYCHRL are in direct violation of Plaintiff's rights under NYCHRL § 8-107(7).

98.     Plaintiff engaged in the protected activity of complaining to her employer regarding issues of unlawful discrimination. A causal link exists between the protected activity and adverse employment action as Defendants knew of Plaintiff's activities and complaints, and Defendants' retaliatory acts were a direct result of such complaints.

99.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable injuries and damages.

100.    Plaintiff seeks relief as provided by NYCHRL § 8-502, including, without limitation backpay for lost wages, commissions, or diminishment, loss of other benefits, and any and all such legal or equitable relief as may be appropriate to effectuate for purposes of NYCHRL § 8-502, including but not limited to compensatory damages for mental anguish and emotional distress and other injuries incurred as a result of the retaliation.

101.    As Defendants' retaliatory actions, including but not limited to the dismissal of Plaintiff, were willful, malicious, and/or with conscious disregard of

15

plaintiff's statutorily protected rights, Plaintiff is entitled to an award of punitive damages.

102.   As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental anguish and suffering, and damage to her professional reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor against Defendants as follows:

a)   On Plaintiff's First Claim for Relief (FLSA Overtime Violations, 29 U.S.C. §§ 207, 216), damages in an amount to be determined at trial as well as punitive damages, liquidated damages, and attorneys fees;

b)   On Plaintiff's Second Claim for Relief (Violations of New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*), damages in an amount to be determined at trial as well as punitive damages and liquidated damages;

c)   On Plaintiff's Third Claim (Retaliation under New York Labor Law § 215(1)), damages in an amount to be determined at trial as well as punitive damages and liquidated damages;

d)   On Plaintiff's Fourth Claim for Relief (Discrimination in Violation of New York Human Rights Law, Discrimination in Violation of New York Human Rights Law, Executive Law § 296 *et seq.*), damages in an amount to be determined at trial as well as punitive damages and liquidated damages;

16

e)      On Plaintiff's Fifth Claim for Relief (Retaliation under NYSHRL § 296(e)) damages in an amount to be determined at trial as well as punitive damages and liquidated damages;

f)      On Plaintiff's Sixth Claim for Relief (Discrimination in Violation of New York City Human Rights Law, Administrative Code § 8-101 *et seq*.) damages in an amount to be determined at trial as well as punitive damages and liquidated damages;

g)      On Plaintiff's Seventh Claim for Relief (Retaliation under NYCHRL § 8-107(7)) damages in an amount to be determined at trial as well as punitive damages and liquidated damages;

h)      On all Claims for Relief:

   a.      Pre-Judgment and post-judgment interest, as provided by law;

   b.      Reinstatement with back pay;

   c.      Penalties available under applicable laws;

   d.      Costs of action incurred herein, including expert fees;

   e.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes; and

   f.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.

17

Dated:  New York, New York          Respectfully submitted,
        June 18, 2010

                                    **GLASS KRAKOWER LLP**

                                    By: _____
                                         Todd J. Krakower (TK-4568)

                                    20 Broadway, Suite 1
                                    Valhalla, New York 10595
                                    (914) 831-1386
                                    845-510-2219 (fax)

                                    *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

18